UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROSSANA SANCHEZ                                          Docket No.:


                              Plaintiff,                **COMPLAINT**

KAVULICH & ASSOCIATES, P.C.
GARY KAVULICH
2664 LLC


                              Defendants.

-----------------------------------------------------------------X


### ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff ROSSANA SANCHEZ, by and through her attorney the Urban Justice Center, brings

this action against Defendants KAVULICH AND ASSOCIATES, GARY KAVULICH, and

2664 LLC and alleges as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages for Defendants' violations of the Fair

   Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, *et seq.*), which proscribes

   debt collectors from engaging in deceptive, abusive, and unfair debt collection practices,

   and for actual and punitive damages for Defendants' violations of the New York state tort

   of conversion and Section 349 of the New York General Business Law.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction to hear this claim as it arises under the federal

   laws of the United States, codified at 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. §

   1331 and § 1337(a). This court has supplemental jurisdiction pursuant to 28 U.S.C. §

1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

3. Venue is appropriate in the Southern District of New York because all defendants conduct business in this district and the conduct complained of occurred within the Southern District of New York.

## PARTIES

4. Plaintiff Rossana Sanchez is a fifty-three year old dental assistant and mother of three residing and working in Massachusetts.

5. Ms. Sanchez is a consumer because she is "a natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

6. The debt Ms. Sanchez is alleged to have owed is rent, which is a debt because it is an "obligation to pay money arising out of a transaction primarily used for personal, family or household purposes." 15 U.S.C. § 1692a(5).

7. Defendant Kavulich & Associates ("K&A") is a domestic professional corporation and law firm with a principal place of business in Port Chester, NY 10573.

8. Defendant Gary Kavulich ("Kavulich") is an individual, who on information and belief resides in New York and may be served at his place of business or wherever he is to be found. Kavulich is the chief executive officer of the law firm K & A.

9. K&A and Kavulich (collectively "the Kavulich defendants") bring debt collection lawsuits in civil court and seek to collect debts owed to others. The Kavulich defendants are debt collectors because they regularly collect or attempt to collect debts owed or asserted to be owed to another. 15 U.S.C. § 1692a(6).

10. Defendant 2664 LLC is a domestic limited liability corporation located at 5600A Broadway, Bronx, New York 10463. The Kavulich defendants operate as agents of Defendant 2664 LLC.

### FACTUAL ALLEGATIONS:

**Defendants Garnished Almost $1,000 of Plaintiff Rossana Sanchez's Wages in an Attempt to Enforce a Judgment That Did Not Exist.**

11. On or around January 17, 2018, Plaintiff Rossana Sanchez received a notice of wage withholding and a letter from New York City Marshal Stephen W. Biegel informing her that her wages would be subject to a garnishment based on an income execution. The amount sought was $3653.81, representing an original judgment of $1,823.46 and $1,622.31 in interest. *See* "Income Execution Papers" attached as **Exhibit A**.

12. The income execution stated that a judgment had been entered against Ms. Sanchez for $1823.46 on February 6, 2008, by a New York City civil court in the Bronx. The listed judgment creditor was 2664 LLC, and the income execution was signed by Kavulich. *See* **Exhibit A**.

13. In seeking to collect the money judgment, the Kavulich defendants acted as the agents of 2664 LLC. Thus 2664 LLC is jointly and severally liable for the conduct of the Kavulich defendants under the principles of agency law.

14. Ms. Sanchez recognized the name "2664 LLC" as the name of the landlord for an apartment she resided in when she lived in New York City ten years ago. *See* "Declaration of Rossana Sanchez," attached as **Exhibit B** at ¶ 5.

15. In 2008, Ms. Sanchez was renting an apartment located at 2664 Grand Concourse, Apt 5M in Bronx, New York. *See* **Exhibit B** at ¶ 6.

16. Ms. Sanchez was in a physically abusive relationship with a former partner named Terrence Fogle at the time. *See* **Exhibit B** at ¶ 6.

17. After a violent encounter with Mr. Fogle, in which Mr. Fogle held a gun to Ms. Sanchez's head,  Ms. Sanchez fled the apartment located in the Bronx and moved with to Massachusetts. *See* **Exhibit B** at ¶ 6.

18. Because she feared running into Mr. Fogle or otherwise making him aware of her current whereabouts, she had not returned to New York City since that incident. *See* **Exhibit B** at ¶ 10.

19. Ms. Sanchez was confused by the income execution as she had not lived in the apartment owned by 2664 LLC for almost ten years and had never been contacted regarding this putative debt. *See* **Exhibit B** at ¶ 7.

20. She called her payroll department, who forwarded her the contact information for the law firm K & A. *See* **Exhibit B** at ¶ 9.

21. Ms. Sanchez spoke with someone from the law firm K&A who gave his name as "Michael." When she explained that she did not owe this debt and did not understand why her wages were being garnished, Michael told her that he could not speak to her about this matter and she would need to go to court. *See* **Exhibit B** at ¶ 9.

22. In or around March 2018, Ms. Sanchez took unpaid time off work and traveled to New York City for the first time after fleeing her abusive ex-partner. *See* **Exhibit B** at ¶ 9.

23. Returning to New York City made her very anxious. *See* **Exhibit B** at ¶ 9.

24. She went with a friend to the Bronx County Civil Courthouse, where she obtained a case summary for the court case referred to in the income execution. *See* **Exhibit B** at ¶ 12.

25. Because the court case was dated from 2008, however, she could not retrieve a full copy of the file from archives on that day. *See* **Exhibit B** at ¶ 14.

26. While in the courthouse, Ms. Sanchez learned about a legal advice and referral clinic located in the courthouse basement. *See* **Exhibit B** at ¶ 15.

27. While attending that clinic, Ms. Sanchez met with an attorney and later retained the Urban Justice Center as counsel.

28. Ms. Sanchez, through her counsel, contacted Kavulich via letter on April 5, 2018 and asked for a copy of the judgment used to justify the income execution against her. *See* "Letter dated April 5, 2018" attached as **Exhibit C**.  She then followed up on this request via an email sent through her counsel on May 3, 2018. *See* "Email dated May 3, 2018 from Oluwadamilola Edirin Obaro"  attached as **Exhibit D**.

29. Kavulich assured Ms. Sanchez via email that the law firm would look into the matter. *See* "Email dated May 3, 2018 from Gary Kavulich" attached as **Exhibit E**.

30. In early June 2018, Ms. Sanchez received checks for $257 and $143, respectively, from the marshal's office. At that point the total amount that had been garnished from Ms. Sanchez was $996. Neither the marshal nor the office of K & A gave any explanation as to why the checks were returned to Ms. Sanchez.

31. Eventually, after several months, the full housing court file was available for viewing in June 2018.

32. The housing court file revealed that no valid money judgment was executed against Ms. Sanchez. *See* "Housing Court Judgment Against Rossana Sanchez" attached as **Exhibit F**. The only valid money judgment in the case was against Ms. Sanchez's abusive ex-

partner, Terrence Fogle, a named co-defendant in the housing court case, for $3363.16. *See " Housing Court Judgement Against Terrence Fogle" attached* **Exhibit G**.

33. The housing court file also revealed that the income execution contained other incorrect information, including an incorrect date of entry for judgment, incorrect judgment amount, and incorrect judgment debtor.

34. The Urban Justice Center called the marshal's office on June 22, 2018 and discovered that a stop had been ordered on the income execution on May 4th, 2018, the day after the Urban Justice Center had requested a copy of the judgment against Ms. Sanchez from the Kavulich defendants.

35. Although the Kavulich defendants had put a stop to the garnishment with marshal's office, they did not respond to the Urban Justice Center's inquiry regarding the validity of the underlying judgment until two months after the stop order was issued, causing additional legal work on the part of the Urban Justice Center and additional anxiety on the part of Ms. Sanchez.

36. The marshal's office also revealed that the remaining funds garnished from Ms. Sanchez were still in the Kavulich defendants' possession.

37. On July 12, 2018, the law office of K & A refunded the remaining garnished funds by sending a check for the remainder to the Urban Justice Center.

38. This is hardly the first time that the Kavulich defendants have sought to enforce nonexistent judgments. They have attempted to enforce nonexistent judgments at least seven times,and have been sued for such practices at least twice before in federal court. *See Morales v. Kavulich & Assocs., PC*, 294 F.Supp.3d 193, 196 (S.D.N.Y. 2018); Complaint, *Ormsby et al v. Gary Kavulich et al,* No. 1:10-cv-03400-SJ-JO (E.D.N.Y

2010). In fact, K&A is now subject to a five-year injunction that unfortunately only went into effect after the Kavulich defendants had begun unlawful enforcement efforts against Ms. Sanchez. *See* "Agreed Five-Year Injunction as to Defendants Kavulich & Associates, P.C. and Gary Kavulich" attached as **Exhibit H**.

39. Ms. Sanchez earns approximately $2000.00 a month before taxes and other deductions and lives paycheck to paycheck. With a rent of $1050, she is severely rent-burdened as defined by the Housing and Urban Development's affordability guidelines. The wage garnishment took $260-$270 of her pay every month.

40. During the period of garnishment, Ms. Sanchez went through severe emotional and financial distress.

41. She slid into a depression and had trouble staying focused at work. *See* **Exhibit B** at ¶ 20.

42. She tried to shield the ordeal from her son who lives with her, but would cry every night. *See* **Exhibit B** at ¶ 19.

43. She had difficulty sleeping, suffered from headaches, and began to grind her teeth, for which she had to resume use of a mouth guard. *See* **Exhibit B** at ¶ 19.

44. She had successfully quit smoking two years ago but resumed the habit due to the stress of this ordeal. *See* **Exhibit B** at ¶ 21.

45. Returning to New York City ten years after leaving a violent encounter in which her abusive ex-partner held a gun to her head was particularly terrifying and anxiety-inducing for Ms. Sanchez. *See* **Exhibit B** at ¶ 11.

46. Ms. Sanchez also suffered financial difficulties during this period.

47. Ms. Sanchez fell behind on her bills, particularly her gas bill. Her gas bill normally costs about $300 a month during the winter, and she could not afford to pay the full amount

during the period in which her wages were garnished. She constantly worried that her heat would be shut off and that she would be without heat during the cold Massachusetts winter. *See* **Exhibit B** at ¶ ¶ 24, 25.

48. She tried to work extra hours each week to make up the amount that she lost due to the garnishment, but could only work extra hours if there were extra hours available. *See* **Exhibit B** at ¶ 22.

### FIRST CLAIM OF RELIEF

**Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k)**
**(Alleged Against Defendant Gary Kavulich and Defendant Kavulich & Associates)**

49. Plaintiff repeats and realleges each allegation set forth in the above paragraphs of this complaint as if fully set forth herein.

50. The Kavulich defendants violated sections 1692e and 1692f of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e; 1692f) by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive, or misleading representation or means; misrepresenting the character, amount or legal status of the debt, misrepresenting the services rendered or compensation which may be lawfully received, threatening to take and actually taking an action prohibited by law; using false, deceptive, or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) without  express authorization by the agreement creating the debt or permitted by law.

**Second Claim for Relief: Conversion**
**(Alleged Against All Defendants)**

51. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

52. The elements of conversion in New York state are: 1) having a possessory interest in property; and 2) having the possessory interest taken or interfered with by another in a manner that is contrary to the possessor's rights.

53. Property subject to conversion includes a person's wages.

54. Defendants intentionally and without authority, assumed and exercised control over Ms. Sanchez's wages, via an income execution sent to Ms. Sanchez's payroll department.

55. Defendants' improper restraint of Ms. Sanchez's wage income interfered with her right to control her own property and constitutes conversion.

56. For the reasons stated in the factual allegations, and under the previously mentioned counts, Defendants' conduct was gross, wanton, or deliberate and demonstrated a high degree of moral culpability. The conduct demonstrates malice, insult, and/or willful or reckless disregard of Ms. Sanchez's rights, or other aggravated acts.  Defendants' conduct evidences a high degree of moral culpability that transcends mere carelessness and constitutes willful or wanton negligence or recklessness that justifies a punitive damages award.

57. Plaintiff is thus entitled to exemplary and punitive damages in addition to actual damages. Actual damages are outlined in the above statement of facts and are incorporated by reference.

### Third Claim of Relief: Violation of General Business Law § 349
### (As Against the Kavulich defendants)

58. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

59. New York General Business Law § 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in this state . . ." N.Y. Gen. Bus. Law § 349(a).

60. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h).

61. As outlined above, the Kavulich defendants violated § 349 of the General Business Law by using deceptive acts and practices in conducting its business. The Kavulich defendants have a pattern and practice of misrepresenting to consumers, financial institutions, and New York City marshals the amount and existence of putative debts. This Court has previously found the Kavulich defendants' pattern and practice to violate Section 349 of the New York General Business Law. *See Morales v. Kavulich & Associates, P.C. et al*, 294 F.Supp.3d 193 (S.D.N.Y. 2018).

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests the following relief:

a.  A declaration that Defendants have committed the violations of law alleged in this action;

b.  Actual damages, treble, exemplary, and punitive damages;

c.  Statutory damages under 15 U.S.C. § 1692k

d.  An order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k

e.  Prejudgment and post judgment interest as allowed by law

f.  All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

DATED: New York, New York
            October 30, 2018
Respectfully submitted,

By: /s/ Oluwadamilola Edirin Obaro

URBAN JUSTICE CENTER

Oluwadamilola Edirin Obaro, Esq. (OO2460)
123 William Street, 16th Floor
New York, NY 10038
Phone: (646) 459-3096
Fax: (212) 533-4598
Email: dobaro@urbanjustice.org

Nasoan Channa Sheftel-Gomes, Esq. (NS-3482)
123 William Street, 16th Floor
New York, NY 10038
Phone: (646) 459-3013
Fax: (212) 533-4598
Email: nsheftel-gomes@urbanjustice.org

# EXHIBIT A



# NEW YORK CITY MARSHAL
## Stephen W. Biegel

109 West 38th Street, Suite 200 • New York, NY 10018
Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000
NYC@MarshalBiegel.com • www.NewYorkCityMarshal.com

December 19, 2017

BENEVIS, LLC
ATTN: PAYROLL/GARNISHMENT
1090 NORTHCHASE PKWY
SE, STE 150
MARIETTA GA 30067

**JUDGMENT CREDITOR**
2664 LLC
VS
ROSSANA TUNSTÄLL AKA SANCHEZ
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
**JUDGMENT DEBTOR**

## INCOME EXECUTION - NOTICE OF LEVY PURSUANT TO SEC. 5231 OF THE CPLR

Please take notice that the enclosed Income Execution is a levy on the salary, wages, earnings, commissions, etc of the Judgment Debtor (your employee) and that you are required to immediately deduct and remit 10% of the debtor's gross salary, wages, earnings, commissions, etc.

Keep the Income Execution for your files. If there is a prior Income Execution against the Judgment Debtor, keep this one on file until completion of the prior and then start remitting on this Income Execution. If the employee resigns and later is rehired, the Income Execution is still in effect unless the Marshal advises you to the contrary in writing.

### MAKE CHECKS PAYABLE TO MARSHAL BIEGEL.
Please include the judgment debtor's name and the docket # below to receive proper credit.

**MARSHAL'S DOCKET # G13579**

| | |
|---|---|
| JUDGMENT | $1,823.46 |
| STATUTORY MARSHAL FEES | $20.00 |
| POUNDAGE | $173.98 |
| EXPENSE | $14.06 |
| FILING FEE | $0.00 |
| INTEREST TO DATE | $1,622.31 |
| TOTAL | $3,653.81 |

**In addition, interest from 12/19/17, will be calculated and when payments approach completion, you will be notified of the final balance due. Please fill out and return the attached form.**

(SNDSRVSL)

# Notice of Wage Withholding

ADP, LLC
Wage Garnishments
P.O. Box 221230
El Paso, Texas 79912

**\*\*Important - Please retain for future reference\*\***

To:

11:1:5

ROSSANA Sanchez
51 Vinton St
1 FL
Springfield, MA 01104

Dear ROSSANA Sanchez:

We process wage garnishment orders on behalf of your employer **KOOL SMILES**.

This is to notify you that a **writ of garnishment order** has been received requiring your employer to deduct wages from your pay. The deductions may begin within one to two pay periods from the date the order was received (01/15/2018).

Below are some pertinent details of the order:

| Creditor Name: | 2664 llc | Court Case ID: | G13579 |
|---|---|---|---|
| Creditor Phone Number: | | Judgment amount on order: | $ 3,853.81 |
| Issuing Agency Name: | NEW YORK CITY MARSHAL | Payment to be sent to: | 109 WEST 38TH STREET,SUITE 200,NEW YORK,NY,10018 |
| Issuing Agency Phone #: | 2126277425 | Deduction % per pay check: | 10.00 % |
| Your Employer Identifier (Use this to visit our website): | 0992 | Deduction amount (This amount may vary based on your pay frequency): | Not applicable |

**Note: If you have questions about the order or disagree with the deductions, please contact the Issuing agency at 2126277425.**

You may wish to contact the issuing agency/creditor/court as soon as possible to discuss changing the deduction amount or obtaining a written release of this order and resolving your unpaid debt. Generally, deductions will stop when the amount of your liability is fully satisfied and/or the Creditor, court or other party provides you a written notification to stop or change the withholdings.

**If you obtain additional documentation such as an amended order or a termination of order, please fax it to (909) 612-6105** for processing. Once we receive such documentation, it typically takes one to two pay periods for any changes to come into effect depending on your pay frequency.

A copy of the order is attached to this letter. If you have further questions on this order, you can contact us or visit our website https://my.adp.com (You can review our Employee Brochure available on our website for more details about wage garnishments). [1]

Sincerely,

ADP Wage Garnishments
Toll Free phone number: (866) 324-5191     Fax: (909) 612-6105
(Hours of Operation: Mon – Fri 5AM to 5 PM PST, except federal holidays)
IVR Self Service (24 hours a day / 7 days a week) to provide you order and payment details.




---

[1] If this is for a tax levy and no amount or percent is indicated, the deduction amount will be calculated based on married filing separately with one exemption. This does not reflect your actual marital and exemption status, please contact the Issuing agency. ADP does not provide legal advice. If you cannot afford a private attorney, the websites www.lawhelp.org and www.llsc.gov may help you find low cost legal help in your area. These websites are provided for convenience only. Neither ADP nor your employer endorse or take responsibility for these websites, their content or availability, or the services available through them.

LI-1000001.0090A

Civil Court of the City of New York
County of Bronx

| | Court Index No. L&T 44247/08 |
|---|---|
| | File No.        6054 |

2664 LLC,

Plaintiff.

Against

Rossana Tunstall aka Sanchez,

Defendant(s).

### INCOME EXECUTION

## The People of the State of New York

### TO ANY ENFORCEMENT OFFICER, GREETING:

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| Civil Court of the City of New York County of Bronx | 02/06/2008 | $1,823.46 | $1,823.46 | 02/06/2008 |

The judgment was recovered against   Rossana Tunstall aka Sanchez
And transcripted with the county clerk(s) of County of Bronx          Defendant (Judgment-Debtor)

WHEREAS, this execution is issued against Rossana Tunstall aka Sanchez Defendant (Judgment-Debtor)
Whose last known address is:     2664 Grand Concourse, Apt. 5M, Bronx, NY 10458

and said Defendant (Judgment-Debtor) is receiving or will receive from the Employer* whose name and address is :
BENEVIS, LLC AT 1090 NORTHCHASE PKWY SE, STE 150, MARIETTA, GA 30067

| More than $ | per week, to wit $ | to be paid weekly installment of $ | cash: |
|---|---|---|---|
| Title or position | Sec. Sec. and/pension No:  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 | Bureau, Office or Subdivision | Badge No |

You are directed to satisfy the judgment with interest together with your fees' and expense, out of all monies now and hereafter due and owing to the Judgment-Debtor from the Employer pursuant to CPLR % 5231 d 15 U.S.C. 1671. et. seq.
Direction to Judgment-Debtor: You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on your installments amounting to 10% (but no more than the Federal limits set forth in. "Limitations on the amount that can be withheld" below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.
Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set fourth in. "Limitations on the amount that can be withheld" below) of any and all salary, wages or other income, including any and all overtime earnings commissions or other irregular compensation now or hereafter becoming due to Judgment-Debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.



| Dated 11/28/2017 | Gary Kavulich, Esq. Kavulich & Associates, P.C. 181 Westchester Avenue, Suite 500C Port Chester, NY 10573 (914) 355-2074 |
|---|---|

*:  "Employer" herein includes any payor of money to Judgment-Debtor.

### Important Statement

This income execution directs the withholding of up to 10 percent of the Judgment-Debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The Judgment-Debtor is referred to New York Civil Practice Law and Rules % 5231 and 15 United State Code % 1671 et seq.

I.  **Limitation on the amount that can be withheld**
    A.  An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the Judgment-Debtor's gross income.
    B.  If a Judgment-Debtor' weekly disposable earnings are less than thirty (30) times the current federal minimum wage (30 x $7.25 per hour), or $217.25 *), or thirty times the state minimum wage (30x $9.00 per hour + $270.00*) No deduction can be made from the judgment debtor's earnings under this income execution.



C. A Judgment-Debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage (30 x $7.25* per hour) or $217.50*), or the state minimum (30 x $9.00= $270.00) under this income execution.

D. If deductions are being made from a Judgment-Debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent(25%) of the Judgment-Debtor's disposable earnings, no deduction can be made from the Judgment-Debtor's earning under this income execution.

E. If deductions are being made from a Judgment-Debtor's earning under any order for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent(25%) of the judgment debtor's disposable earnings, deductions may be made from the Judgment-Debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earning under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25) of the Judgment-Debtor's disposable earnings.

**NOTE: Nothing in this notice limits the proportion or amount, which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

**II. Explanation of Limitations**
Definitions

Disposable Earnings – Disposable earning are that part of an individual's earning left after deducting those amounts that are required by law to be withheld (for example taxes, social security and unemployment insurance, but not deduction for union dues, insurance plans, etc.)

Gross Income- Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

Illustrations regarding earnings:

**If disposable earnings is:**

| | |
|---|---|
| (a) 30 times federal minimum wage ($262.50*) or less. | Amount to pay or deduct from earning under this income execution is: No payment or deduction allowed |
| (b) More than 30 times federal minimum Wage ($262.50*) and less than 40 times federal minimum wage ($350.00*) | The less of: the excess over 30 times the federal minimum wage ($262.50*) in disposable earnings, or 10% of gross earnings. |
| (c) 40 times the federal minimum wage ($350.00*) or more | The less of: 25% of disposable earnings or 10% of gross earnings. |

**III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR% 5231 (I) and CPLR% 5240**

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment.
If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

**CPLR % 5231 (I) Modification.** At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

**CPLR % 5240 Modification or protective order: supervision of enforcement.** At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure. Including the use of income executions.
**Endorsement:**
Date and Time execution received:

Installments paid to_____ have satisfied the judgment to the extent of $_____

Principal and $_____ interest:
_____
Levying officer                                        County

Return to the judgment creditor or his attorney on _____    because of inability to

Find garnishee in the county.
_____
Levying officer                                        County

*0050050000011*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROSSANA SANCHEZ

                              Plaintiff,

                                                    **DECLARATION OF ROSSANA**
                                                    **SANCHEZ**

                    -against

KAVULICH & ASSOCIATES, INC.
GARY KAVULICH
2664 LLC
                              Defendants.

------------------------------------------------------------------X

I, Rossana Sanchez, do hereby declare under the laws of the United States of America that the

following is true and correct under penalty of perjury:


1.  My name is Rossana Sanchez and I reside in Springfield, Massachusetts.

2.  I am a 53-year old mother of three and work as a dental assistant. I earn about $2000
    (before taxes and other deductions) a month and I live paycheck to paycheck.

3.  In January 2018, I received a letter forwarded to me from my employer.

4.  The letter was from a New York City marshal and stated that my wages were to be
    garnished in order to satisfy a judgment that had been issued against me.

5.  I recognized the name of the judgment creditor as the name of my landlord from an
    apartment that I had when I lived in New York City.

6.  I lived in an apartment at 2664 Grand Concourse, Apt 5M in the Bronx, New York, but
    left that apartment abruptly for Massachusetts in 2008 after an altercation in which my
    former partner, Terrence Fogle, held a gun to my head.

7. I had never heard of this alleged debt, nor had I been aware of the fact that I was being sued.

8. I called my payroll department, which gave me the contact information of the attorneys enforcing the judgment, Kavulich & Associates.

9. I spoke with an employee of Kavulich & Associates named Michael, who told me that he could not comment on this matter and that I would need to go to court to dispute anything.

10. I then prepared to take unpaid time off from work to go to New York City for the first time in almost ten years in March 2018. The cost of the trip was $70 round-trip.

11. I was very anxious to be back in New York City because I had not returned to the city since my ex-partner threatened my life.

12. When I arrived in New York, I went to the Bronx Civil Courthouse, where I was advised to file an Order to Show Cause to vacate the judgment.

13. At this point I still was not sure whether or not there was actually a judgment against me, but was informed that this was the best way to contest any such judgment, if it existed.

14. I also requested a copy of the 2008 housing court case file, but it was not available for immediate viewing because it was so old.

15. While in the Bronx courthouse, I learned about a free legal clinic in the basement of the courthouse.

16. I went to this clinic and was later referred to an attorney at the Urban Justice Center.

17. I retained the Urban Justice Center as counsel in March 2018.

18. After the Urban Justice Center sent notification to my payroll department that the garnishment could not proceed while an Order to Show Cause was pending, the

garnishment stopped in May 2018. By that point $996 of my wages had been taken from me.

19. During the period of the garnishment, I was very stressed. I began to have tension headaches and ground my teeth at night. I tried to stay strong for my son who lives with me, but I would cry every night.

20. I was depressed and struggled to focus at work.

21. I had previously quit smoking, but resumed the habit due to the stress of the garnishment.

22. To make ends meet during the period of the garnishment, I had to take on an additional five hours of work a week, but I could only work those additional hours if they were available.

23. I had to cut back on how and when I spent money for groceries.

24. I fell behind on my gas and cable bills. My gas bill was normally about $300 a month, and I could not afford to pay it off in full during the period of the garnishment.

25. I was constantly worried about making sure I had enough money to cover my heating costs during cold Massachusetts winter.

26. When I finally learned that the judgment against me was invalid, I was very angry and frustrated that Kavulich & Associates had upended my life in this way.


Dated: New York, New York

October __, 2018

Rossana Sanchez

Oct. 16, 2018

3

# EXHIBIT C



**URBAN
JUSTICE
CENTER**

April 5, 2018

Gary Kavulich, Esq.
Kavulich & Associates, P.C.
181 Westchester Avenue, Suite 500C
Port Chester, NY 10573

Re: Income Execution of Rossana Sanchez, File No. 6054, LT 44247/08

Our office represents Ms. Rossana Sanchez in the above-captioned matter. Please be advised that Ms. Sanchez has filed an Order to Show Cause that has been signed by a judge. *See* Attached Order to Show Cause. This means that any attempts to enforce an income execution against Ms. Sanchez **must cease entirely** until this matter is resolved. The City Marshal should have received notice of this Order to Show Cause, but we have been informed by our client that her wages continue to be garnished.

Please cease income execution efforts in this matter. We would also like to receive a copy of the judgment entered against Ms. Sanchez. Please mail or email a copy of this judgment to the address listed below the signature on this page.

Finally, we would like to inform you that Ms. Sanchez's co-defendant in this case, Mr. Terrence Fogle, poses a physical danger to Ms. Sanchez and is not aware of Ms. Sanchez's current contact information, including her current address and phone number. **Please do not forward Ms. Sanchez's information to Mr. Fogle at any point in your efforts to collect this debt.**

Thank you,

Oluwadamilola Edirin Obaro, Esq.
*Staff Attorney*
Urban Justice Center—Community Development Project
123 William St
16th Floor
New York, NY 10038
(646) 459-3096
dobaro@urbanjustice.org

123 William Street, 16th Floor • New York, NY 10038
P: 646 602 5600 • F: 212 533 4598 • urbanjustice.org • @urbanjustice

# EXHIBIT D

## Dami Obaro

| | |
|---|---|
| **From:** | Dami Obaro |
| **Sent:** | Thursday, May 03, 2018 2:03 PM |
| **To:** | 'gkavulich@kavulichandassociates.com' |
| **Subject:** | Rossana Sanchez, File No.: 6054 |
| **Attachments:** | copy of income execution papers.pdf; printout of housing court case.pdf |

Dear Mr. Kavulich and Associates,

Our office represents Ms. Rossana Sanchez in the above-captioned matter. Ms. Sanchez received a notice of income execution stating that a judgment had been entered against her on February 6, 2008. (*See* Attached Income Execution).  The housing court case summary however, indicates that a default judgment for possession was entered against Ms. Sanchez on September 23, 2008, but no money judgment. (*See* Attached Housing Court Summary). Because the housing court case is in archives, we have not yet been able to view the full casefile.

Please forward us a copy of judgment against Ms. Sanchez that your law office used to secure your income execution.

Finally, we would like to inform you that Ms. Sanchez's co-defendant in this case, Mr. Terrence Fogle, poses a physical danger to Ms. Sanchez and is not aware of Ms. Sanchez's current contact information, including her current address and phone number. **Please do not forward Ms. Sanchez's information to Mr. Fogle at any point in your efforts to collect this debt.**


Oluwadamilola (Dami) Obaro
Skadden Fellow/Staff Attorney
Community Development Project
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038
Tel: (646) 459-3096
Fax: (212) 533-4598
dobaro@urbanjustice.org

EXHIBIT E

**Dami Obaro**

| | |
|---|---|
| **From:** | gkavulich@kavulichandassociates.com |
| **Sent:** | Thursday, May 03, 2018 2:08 PM |
| **To:** | Dami Obaro |
| **Subject:** | RE: Rossana Sanchez, File No.: 6054 |

Thanks Dami. I will review that information and get back to you shortly. We also have not, and will not, share any of the information as you mentioned. Thanks

**From:** Dami Obaro <dobaro@urbanjustice.org>
**Sent:** Thursday, May 03, 2018 2:03 PM
**To:** gkavulich@kavulichandassociates.com
**Subject:** Rossana Sanchez, File No.: 6054

Dear Mr. Kavulich and Associates,

Our office represents Ms. Rossana Sanchez in the above-captioned matter. Ms. Sanchez received a notice of income execution stating that a judgment had been entered against her on February 6, 2008. (*See* Attached Income Execution). The housing court case summary however, indicates that a default judgment for possession was entered against Ms. Sanchez on September 23, 2008, but no money judgment. (*See* Attached Housing Court Summary). Because the housing court case is in archives, we have not yet been able to view the full casefile.

Please forward us a copy of judgment against Ms. Sanchez that your law office used to secure your income execution.

Finally, we would like to inform you that Ms. Sanchez's co-defendant in this case, Mr. Terrence Fogle, poses a physical danger to Ms. Sanchez and is not aware of Ms. Sanchez's current contact information, including her current address and phone number. **Please do not forward Ms. Sanchez's information to Mr. Fogle at any point in your efforts to collect this debt.**

Oluwadamilola (Dami) Obaro
Skadden Fellow/Staff Attorney
Community Development Project
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038
Tel: (646) 459-3096
Fax: (212) 533-4598
dobaro@urbanjustice.org

*This message and its attachments are sent by a law office and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding, or saving this email and any attachments. Please notify the sender immediately if you believe that you are not the intended recipient.*

1

# EXHIBIT F

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX          PART _____
DECISION AND JUDGMENT

INDEX # 044247/2008
JUDGMENT SEQ # 002

2664 LLC,

**AGAINST**

TUNSTALL, ROSSANA
FOGLE, TERRENCE

Petitioner(s)

Respondent(s)

**Decision and judgment is** rendered based upon
respondents failure to appear for trial as follows:
Judgment of possession is granted in favor of:
2664 LLC,
and against
TUNSTALL, ROSSANA
A counterclaim is granted in favor of the respondent in the amount of      $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of      $0.00 in favor of:
2664 LLC,
and against
TUNSTALL, ROSSANA

for a total amount of      $0.00

(Monthly use and occupancy is set at      $0.00 per month, as per order,
stipulation or decision in record.)

_____

_____

_____

Warrant to issue forthwith          Execution _____

Date _____                    DEIGHTON S. WAITHE
                                             JUDGE, HOUSING PART
                        Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.
==================================================================

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on _____.

                                             Chief Clerk, Civil Court

Warrant issued to Marshal ___Bia_____ On    OCT 1 7 2008

CIV-LT-50(2006)                                              Page 1 of 1

EXHIBIT G

**CIVIL COURT OF THE CITY OF NEW YORK**     INDEX # 043347/2008
**COUNTY OF BRONX**    **PART**       JUDGMENT SEQ # 001
**DECISION AND JUDGMENT**

2664 LLC,                    Petitioner(s)

**AGAINST**
TUNSTALL, ROSSANA
FOGLE, TERRENCE              Respondent(s)

**Decision and judgment is** rendered based upon
a stipulation entered into by the parties as follows:
Judgment of possession is granted in favor of:
2664 LLC,
and against
FOGLE, TERRENCE
A counterclaim is granted in favor of the respondent in the amount of     $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of     $0.00 in favor of:
2664 LLC,
and against
FOGLE, TERRENCE

for a total amount of   $3363.16

(Monthly use and occupancy is set at     $0.00 per month, as per order,
stipulation or decision in record.)

_____

_____

_____

Warrant to issue after 08/28/2008_____    Execution_____

Date   AUG 2 2 2008_____               JUDGE, HOUSING PART
_____
Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.
===========================================================

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on ___AUG 2 2 2008___ _____
Chief Clerk, Civil Court

Warrant issued to Marshal ___Bia___    On ___OCT 1 7 2008___

CIV-LT-50(2006)                                       Page 1 of 1

# EXHIBIT H

USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: _6-25-18_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMES MORALES,

                  Plaintiff,

    -against-                        Case No. 1:16-cv-02134-ALC-
                                              JLC

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
ROSEWALL GARDENS ASSOCIATES, LP
f/k/a ROSEWALL GARDENS ASSOCIATES,
and ROSEWALL, INC.

                  Defendants.

------------------------------------------------------------X

**AGREED FIVE-YEAR INJUNCTION AS TO DEFENDANTS KAVULICH &
ASSOCIATES, P.C. and GARY KAVULICH**

By agreement of the Parties and pursuant to N.Y. General Business Law § 349, the Court issues this injunction against Defendants KAVULICH & ASSOCIATES, P.C. and GARY KAVULICH to, for a period of 5 years from the date of the issuance of this order:

1. Comply in all manners with their obligations under the Fair Debt Collection Practices Act and N.Y. General Business Law § 349.

2. Perform a meaningful attorney review of the relevant court file, judgment, and eCourts website prior to signing any execution documents to ensure there is a current valid judgment against the defendant and that the amount of the balance due on the judgment sought to be collected is correct, having credited the defendant for all prior payments.

3. Notify the applicable New York City Marshal to release his or her levy and demand (if any) on any bank account within 5 business days of any order or stipulation vacating a judgment.

4. Notify the applicable bank to release the account within 5 business days of any order or stipulation vacating a judgment.

5. Notify the applicable New York City Marshal to cease any income execution within 5 business days of any order or stipulation vacating a judgment.

6. Unless otherwise stated in an order or stipulation, return any money collected from an individual within 10 business days of any order or stipulation vacating a judgment.

7. Track internally the amount paid toward a judgment and the amount still owed on a judgment, including interest.

8. Issue execution documents that accurately state the amount still owed on a judgment, crediting individuals for any monies already paid.

9. If any execution actions are made in error and an account is subsequently released or a garnishment is halted, notify the defendant in writing within 5 business days that there was a mistake and that the defendant's account has been released or the garnishment lifted.

The Court shall have continued jurisdiction to enforce the terms of this Agreed Injunction.

SO ORDERED this __25 th__ day of __JUNE__, 2018.

Judge Andrew L. Carter
United States District Judge

| AGREED: | AGREED: |
|---|---|
| Date: 6/8, 2018 | Date: 6/7, 2018 |
| Ahmad Keshavarz<br>The Law Office of Ahmad Keshavarz<br>One of the attorneys for Plaintiff JAMES MORALES | Mitchell Pashkin, Esq.<br>775 Park Avenue, Suite 255<br>Huntington, NY 11743<br><br>Attorney for Defendants KAVULICH & ASSOCIATES, P.C. and GARY KAVULICH |